Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO SIMMONS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLOUD HEALTH SYSTEMS LLC d/b/a SUNRISE HEALTH<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Margo Simmons ("Plaintiff" or "Ms. Simmons") brings this Class Action Complaint and Demand for Jury Trial against Defendant Cloud Health Systems LLC d/b/a Sunrise Health ("Defendant" or "Sunrise Health") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. §

2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

2. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Sunrise Health violated the TCPA by making telemarketing calls in the form of text messages to Plaintiff and other putative class members listed after they had previously requested to no longer receive such communications.

**PARTIES**

3. Plaintiff is an individual.

4. Defendant Cloud Health Systems LLC d/b/a Sunrise Health is a limited liability company that has its principal place of business in this District.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has general personal jurisdiction over Sunrise Health because the company resides in this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent from this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**BACKGROUND**

8. FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

9. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations

promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

10. To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

11. One of them is maintaining an internal do not call list. *Id*. at § (d)(6).

12. Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2).

13. And still another is recording do not call requests and complying with them. *Id*. at § (d)(3).

14. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

## FACTUAL ALLEGATIONS

15. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff's telephone number, (407) 692-XXXX, is a residential, non-commercial telephone number not associated with any business.

17. Ms. Simmons uses the number for personal, residential, and household reasons.

18. Plaintiff has never been a customer of Sunrise Health.

19. Sunrise Health sends text messages promoting their weight loss services.

20. Starting on March 9, 2024 she began receiving text messages, and ended up receiving text messages on at least March 9, 18, 22, 23, 25 and 27, 2024.

21. In response to the March 9, 18. 23 and 25, 2024 text messages she replied stop.

22. Yet she still received the subsequent messages.

23. An image of the text messages are below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**7:50**

‹ 129

+1 (628) 229-9041 ›

Text Message
Sat, Mar 9 at 10:41 AM

It's just $9 to start your weight loss journey with Sunrise… what are you waiting for?! Lose up to 20% or more of your body weight safely & sustainably (individual results may vary). Are you ready for a healthier, happier you? https://brz.ai/i.dRJ

Text STOP to opt-out.

Fri, Mar 15 at 11:06 AM

STOP

Mon, Mar 18 at 11:19 AM

Just $9 to get started?! Start your weight loss journey with Sunrise today. Lose up to 20% or more of your body weight (individual results may vary). Are you ready for a healthier, happier you? https://brz.ai/-fnu3

Text STOP to opt-out.

Mon, Mar 18 at 3:14 PM

STOP

Subject

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





24. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

26. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Internal DNC Class:** All persons in the United States whose (1) previously requested that their telephone numbers no longer be called at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Sunrise Health's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

27. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

28. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

29. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to

vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a.    Whether Defendant should be held liable for violations on its behalf; and

    b.    Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

31. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

32. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive

of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

   d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

33. Plaintiff repeats the prior allegations of this Complaint and incorporate them by reference herein.

34. Defendant placed numerous calls for telemarketing purposes to Plaintiffs and Internal DNC Class Members' telephone numbers.

35. Defendant did so despite not having a written policy pertaining to "do not call" requests.

36. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

37. Defendant did so despite not recording or honoring "do not call" requests.

38. Defendant placed two or more telephone calls to Plaintiffs and Internal DNC Class members in a 12-month period.

39. Plaintiff and Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

40. Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Internal DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Internal DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Internal DNC Class pursuant to 47 U.S.C. § 227(c)(5); and

E. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of April, 2024.

*/s/ Dana J. Oliver*
Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Attorney for Plaintiff and the Proposed Class*